CLD-064                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2595
_____

ANDREW MORRISON,
                                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00067)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2019
Before:  JORDAN, KRAUSE and MATEY, Circuit Judges

(Opinion filed: December 19, 2019)
_____

OPINION*
_____

PER CURIAM

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Andrew Morrison is a citizen of Jamaica who was removed from the United States in 2015. Morrison later reentered and was charged in the United States District Court for the Eastern District of New York with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). Morrison pleaded guilty, and the court sentenced him to 46 months in prison. Morrison neither appealed nor challenged his conviction under 28 U.S.C. § 2255.

At issue here is a habeas petition under 28 U.S.C. § 2241 that Morrison filed in his district of confinement. He argued that his conviction of illegal reentry is invalid because his underlying order of removal is invalid and because counsel in his criminal proceeding failed to contest the charge on that basis under 8 U.S.C. § 1326(d). Relatedly, he also argued that the illegal-reentry statute unconstitutionally permitted that result by allowing representation by counsel who are not familiar with the immigration laws.

The District Court, acting on a Magistrate Judge's recommendation, dismissed Morrison's § 2241 petition on the ground that he is required to raise such challenges with his sentencing court under § 2255. Morrison appeals, and the Government has filed a motion for summary affirmance.

We will grant that motion and affirm. As the Magistrate Judge explained, federal prisoners must raise any challenges to their sentences with their sentencing courts under § 2255 unless the § 2255 remedy "is inadequate or ineffective." 28 U.S.C. § 2255(e). In this case, Morrison raises garden-variety § 2255 claims that he could have raised with his

2

sentencing court.  Indeed, after the District Court dismissed Morrison's § 2241 petition, he did just that.[1]

It may be, as the Magistrate Judge suggested and as the Government argues, that Morrison's claims are untimely under § 2255.  We express no opinion on that issue.  We note, however, that the mere untimeliness of Morrison's claims under § 2255 would not allow him to proceed under § 2241.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).  Nor has Morrison raised any other circumstance that might allow him to do so.  See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (addressing the standard for proceeding under § 2241 and In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)).

For these reasons, we will grant the Government's motion for summary affirmance and will affirm the judgment of the District Court.  Morrison's motion to hold this appeal in abeyance is denied.  To the extent that Morrison's filings can be construed to request any other forms of relief, they are denied as well.

---

[1] Morrison raised his ineffective assistance claim (and others) in a motion to vacate his judgment under "Rule 60." (E.D.N.Y. Crim. No. 1-16-cr-00413-001, ECF No. 42.)  It appears that Morrison's motion could be construed as a § 2255 motion, but we express no opinion on whether his sentencing court should treat it as such.  Morrison also has filed a motion in this appeal asking us to stay it pending a ruling on his Rule 60 motion.  That motion is denied because Morrison cannot raise his claims under § 2241 in this Circuit regardless of how his sentencing court rules on his putative Rule 60 motion.